UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRACTEBEL ENERGY MARKETING, INC.,           :
                                            :
                    Plaintiff,         :    03 Civ. 6731 (HB)
                                            :
                    -against-        :
                                            :
AEP POWER MARKETING, INC.,                  :
AMERICAN ELECTRIC POWER COMPANY,            :
INC. and OHIO POWER COMPANY,                :
                                            :
                    Defendants.        :
------------------------------------------------------------------x
OHIO POWER COMPANY and                      :
AEP POWER MARKETING, INC.,                  :
                                            :
                Counterclaim Plaintiffs,  :    03 Civ. 6770 (HB)
                                            :
                    -against-        :
                                            :
TRACTEBEL ENERGY MARKETING, INC.,           :    **AMENDED OPINION,**
TRACTEBEL S.A.,                             :    **ORDER & JUDGMENT**
                                            :
                Counterclaim Defendants.  :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

      Pursuant to Fed. R. Civ. P. 59(e), 60(a), and 60(b)(1), Tractebel Energy Marketing, Inc. ("TEMI") and Tractebel S.A. (now known as Suez-Tractebel S.A.) ("TSA") filed a motion to amend and correct this Court's January 20, 2006 Opinion, Order & Judgment. TEMI requests that this Court eliminate the additional $50 million damage award assessed against them. For the following reasons, TEMI's motion is GRANTED.

### I.    BACKGROUND

      The facts of this case are set forth in detail in the January 20, 2006 Opinion, Order & Judgment, familiarity with which is presumed. Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc., 2006 WL 147586, * 2–3 (S.D.N.Y. Jan. 20, 2006). In short, the November 15,

---

[1] Ariana Gambella, a spring 2006 intern in my Chambers and third-year law student at the St. John's University School of Law, provided substantive assistance in the research and drafting of this Opinion.

1

2000 Power Purchase and Sale Agreement ("PPSA") between TEMI and AEP Power Marketing, Inc., American Electric Power Company, Inc., and Ohio Power Company (collectively, "AEP") set forth that AEP would supply large quantities of electric power as well as related products and services to TEMI over a 20-year period. In addition, to cover a termination payment in the event of default by either party, the PPSA provided for a $50 million guaranty. To cover this obligation, TEMI entered into a guaranty agreement with TSA ("TSA Guaranty"). By the terms of this agreement, TSA "irrevocably and unconditionally guarantee[ed]" to pay to AEP all obligations owed to them by TEMI. This guaranty was limited to $50 million. Neither TEMI nor AEP have contested the validity of the guaranty.

## II. APPLICABLE STANDARD

A guaranty is an agreement to pay the debt owed by someone else. PETER A. ALCES, LAW OF SURETYSHIP AND GUARANTY § 1:4 (2005). A guaranty can be either absolute (no condition precedent) or conditional. Id. In the case of an absolute guaranty, the guarantor is immediately bound and liable when the principal debtor defaults on the contract. 38A C.J.S. *Guaranty* § 70 (2005); See also Terwilliger v. Terwilliger, 206 F.3d 240, 246–47 (2d Cir. 2000) (defining a guaranty as "the promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a third person who is liable in the first instance."); Weissman v. Sinorm Deli, Inc., 88 N.Y.2d 437, 446 (N.Y. 1996) (characterizing a guaranty as a "contract of secondary liability" thus requiring a guarantor "to make payment only when the primary obligor has first defaulted.").

## III. DISCUSSION

TEMI argues that the clear terms of the TSA Guaranty provide that TSA, not TEMI, is responsible for the $50 million payment to AEP. See TSA Guaranty ¶ 1 ([T]he Guarantor [TSA] irrevocably and unconditionally guarantees to the Beneficiary [AEP], its successors and assigns, the prompt payment when due, of all present and future obligations and liabilities of all kinds of the Company [TEMI] to the Beneficiary arising out of the Agreement."). As further support, TEMI points out that they are not a party to the guaranty agreement. Id. ("This is a guaranty (the "Guaranty"), dated as of November 17, 2000, given by Tractebel S.A., a corporation organized under the laws of Belgium (the "Guarantor"), in favor of AEP Power Marketing, Inc., a corporation organized under the laws of Ohio (the "Beneficiary.")).

This Court finds TEMI's argument persuasive. By definition, a guaranty agreement is a promise to pay someone else's debt. In this instance, TSA was the guarantor of TEMI's potential liability to AEP.

Additionally, further support for this position is found in arguments presented by AEP. AEP does not present an alternative interpretation of the TSA Guaranty. See, e.g., AEP's First Amended and Supplemental Complaint for Declaratory Relief, ¶ 48-50 (stating that TSA is liable to AEP for TEMI's obligations); AEP Pre-Trial Memorandum, at 1, 27 (Mar. 7, 2005) (stating that "TSA should be made to pay on its Guaranty of TEMI's performance."); Letter from Steven C. Bennett to Hon. Harold Baer, Jr. (August 11, 2005) (stating that AEP respectfully requests that the Court enter judgment against TEMI, as set forth in the Court's Opinion and Order [dated August 8, 2005], and against TSA, by virtue of the undisputed Guaranty in the amount of $50 million.").

## IV. CONCLUSION

For the forgoing reasons TEMI's motion is GRANTED. The Judgment will be amended to state that TSA, to the extent TEMI fails to pay the judgment awarded against them, is liable for the TSA Guaranty in the amount of $50 million. Nothing herein affects the balance of my January 20, 2006 Opinion, Order & Judgment. The Clerk of Court is directed to close any open motions and remove this case from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**March 23, 2006**

_____
U.S.D.J.